Brent R. Owen, #7-6009
HAYNES AND BOONE, LLP
675 15th St, Suite 2200
Denver, Colorado 80202
T: (303) 382-6200
F: (303) 382-6210
brent.owen@haynesboone.com

Jason Elliott, (Admitted *Pro Hac Vice*)
HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, Texas 75287
T: (214) 651-5000
jason.elliott@haynesboone.com

*Attorneys for Defendant Alex J. Moyes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RAMACO CARBON, LLC and RAMACO RESOURCES, INC.,<br><br>Plaintiffs,<br>vs.<br><br>ALEX J. MOYES,<br><br>Defendant. | Case No. 2:26-cv-104-KHR |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Alex J. Moyes ("Moyes" or "Defendant") files this Original Answer to Plaintiffs' Complaint. All subsequent references to a "Paragraph" refer to the correspondingly numbered paragraph in Plaintiffs' Complaint. Moyes further respectfully states as follows:

## DEFENDANT'S ANSWER

1.      Defendant admits that on July 11, 2025, Ramaco hosted a groundbreaking event at the Brook Mine in Sheridan County, Wyoming. Defendant denies all remaining allegations in Paragraph 1.

2.      Defendant admits that some rare earth elements ("REE") are valuable industrial commodities for which there are many investors, producers, buyers, sellers, and end users in the market for REE, as with nearly all markets for mining and industrial products. Defendant denies all remaining allegations in Paragraph 2.

3.      Defendant denies all allegations in Paragraph 3.

4.      Defendant admits that Plaintiff has asserted causes of action for alleged "misappropriation of these trade secrets," but denies that those claims have merit, denies any wrongdoing or liability, and denies all remaining allegations in Paragraph 4.

5.      Defendant admits that he entered into a Mutual Nondisclosure Agreement ("MNDA") with Ramaco but denies all remaining allegations in Paragraph 5.

6.      Defendant denies all allegations in Paragraph 6.

7.      Defendant denies all allegations in Paragraph 7.

8.      Defendant denies all allegations in Paragraph 8.

9.      Defendant denies all allegations in Paragraph 9.

10.      Defendant denies all allegations in Paragraph 10.

11.      Paragraph 11 contains a list of Plaintiffs' causes of action and requests for injunctive relief to which no response is required. To the extent a response is required, Defendant denies all liability to Plaintiff, denies Plaintiffs are entitled to the injunctive relief sought, and denies all remaining allegations in Paragraph 11.

12.      Defendant admits the allegations in Paragraph 12.

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant admits that this Court has subject jurisdiction over Plaintiffs' causes of action.

16.     Defendant admits the allegations in Paragraph 16.

17.     Defendant admits that venue is proper in this Court. Defendant denies all remaining allegations in Paragraph 17.

18.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and, therefore, denies all allegations therein.

19.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and, therefore, denies all allegations therein.

20.     Defendant is without sufficient information to admit or deny the allegation that "[i]n 2018, Ramaco and NETL discovered a significant unconventional (*i.e.*, coal-based) REE deposit at Ramaco's Brook Mine, which is located near Sheridan, Wyoming," and, therefore, this allegation is denied. Defendant admits that "REE deposits discovered at Brook Mine are found in the carbonaceous ore and associated strata above and beneath the thermal coal deposit." Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint and, therefore, denies all remaining allegations therein.

21.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 21 and, therefore, denies all allegations therein.

22.     Defendant admits that Ramaco has invested substantial time and resources into its Brook Mine project. Defendant denies all remaining allegations in Paragraph 22.

23. Defendant admits that Ramaco has done ICP-MS and XRF experimentation. Defendant denies all remaining allegations in Paragraph 23.

24. Defendant is without sufficient information to admit or deny the allegations in Paragraph 24 and, therefore, denies all allegations therein.

25. Defendant admits that Ramaco has data and processes related to geology information, commercial and pilot plants, economic and commercial analysis, product specification, capital and expense analysis, customer information, pricing and demand forecasts, and financial models, but denies that these are "highly confidential trade secrets" and further denies all remaining allegations in Paragraph in Paragraph 25.

26. Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 and, therefore, denies all allegations therein.

27. Defendant denies all allegations in Paragraph 27.

28. Defendant denies all allegations in Paragraph 28.

29. Defendant admits the allegations in Paragraph 29.

30. Defendant is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint and, therefore, denies all allegations therein.

31. Defendant is without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint and, therefore, denies all allegations therein.

32. Defendant admits the allegations in Paragraph 32.

33. Defendant admits that he was hired by Ramaco in January 2024 as Director of Critical Minerals and Planning. Defendant denies all remaining allegations in Paragraph 33.

4

34.     Defendant admits he was hired to work for Ramaco in Sheridan County, with responsibility for various functions related to the Brook Mine project. Defendant denies all remaining allegations in Paragraph 34.

35.     Defendant admits that he understood that confidential information he received from Ramaco was subject to the terms of the MNDA. Defendant denies all remaining allegations in Paragraph 35.

36.     Defendant admits that Ramaco conducted a background check on him and he passed.

37.     Defendant admits that the MNDA was executed in December 2023, and that the terms the MNDA speaks for itself. The accuracy of the language from the MNDA quoted in Paragraph 37 is a matter that Defendant need not separately admit nor deny. Defendant denies all remaining allegations in Paragraph 37.

38.     Defendant admits that he accepted Ramaco's employment offer by signing a letter, and the language in the offer letter speaks for itself. The accuracy of the language from the offer letter quoted in Paragraph 38 is a matter that Defendant need not separately admit nor deny. Defendant denies that the offer letter formed a "contract" or contained any legally binding terms. Defendant further denies all remaining allegations in Paragraph 38.

39.     Defendant admits that he signed Ramaco's "Code of Conduct." The accuracy of the language from the Code of Conduct quoted in Paragraph 39 is a matter that Defendant need not separately admit nor deny. Defendant denies that the Code of Conduct formed a "contract" or contained any legally binding terms. Defendant further denies all remaining allegations in Paragraph 39.

40. Defendant admits that he understood that confidential information he received from Ramaco was subject to the terms of the MNDA. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 40 of the Complaint and, therefore, denies all remaining allegations therein.

41. Defendant admits that he was involved with various aspects of the Brook Mine REE project, including geological modeling, financial modeling, mining activity, and the development of project flow sheets, but denies that he was "significantly involved in all aspects" of each and further denies all remaining allegations in Paragraph 41.

42. Defendant admits that Ramaco engaged Fluor to conduct a Preliminary Economic Assessment ("PEA") to evaluate both the technical and economic feasibility of the Brook Mine REE Project. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 42 of the Complaint and, therefore, denies all remaining allegations therein.

43. Defendant admits that he worked directly with Fluor personnel. Defendant denies all remaining allegations in Paragraph 43.

44. Defendant admits that the PEA was completed on or around on July 7, 2025. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 44 of the Complaint and, therefore, denies all remaining allegations therein.

45. Defendant contends that the PEA Report speaks for itself and therefore denies the allegations in Paragraph 45 to the extent that the characterization is contradicted by the content of the PEA Report. Defendant denies all remaining allegations in Paragraph 45.

46. Defendant admits that Ramaco publicly released one or more PEA Report Summary documents and contend that those documents speak for themselves. Defendant denies

the allegations in Paragraph 46 to the extent that Plaintiffs' characterizations of the PEA Report Summary are contradicted by the content of the actual document(s). Defendant further denies all remaining allegations in Paragraph 46.

47. Defendant denies all allegations in Paragraph 47.

48. Defendant is without sufficient information to admit or deny the allegations in Paragraph 48 and, therefore, denies all allegations therein.

49. Defendant admits the allegation in Paragraph 49.

50. Defendant denies all allegations in Paragraph.

51. Defendant is without sufficient information to admit or deny the allegations in Paragraph 51 and, therefore, denies all allegations therein.

52. Defendant admits that in the course of performing his job, he had access to the PEA Report. Defendant denies that this information was a "trade secret" and denies all remaining allegations in Paragraph 52.

53. Defendant admits that he gave Ramaco notice of his resignation on or about September 25, 2025. Defendant denies all remaining allegations in Paragraph 53.

54. Defendant admits that Ramaco emailed him a letter on October 6, 2025, post-dated as October 10, 2025, and requested that he sign the letter. Defendant denies that Plaintiffs' characterization of the letter emailed is complete and accurate, and further denies all remaining allegations in Paragraph 54. By way of further answer, Defendant states that he believed the "letter" represented Ramaco asking to change the terms of the MNDA by way of an agreement that Defendant would be subject to arguably broader restrictions than under the MNDA.

55. Defendant denies that Plaintiffs' characterization of the "confirmation letter" is complete and accurate. Defendant admits responding to Ramaco in writing that he was "fully

committed to maintaining the confidentiality of Ramaco's proprietary information." Defendant denies all remaining allegations in Paragraph 55. By way of further answer, Defendant states that he believed the "letter" represented Ramaco asking to change the terms of the MNDA by way of an agreement that Defendant would be subject to arguably broader restrictions than under the MNDA.

56. Defendant admits that his last day of employment with Ramaco was October 10, 2025. Defendant denies all remaining allegations in Paragraph 56.

57. Defendant admits the allegations in Paragraph 57.

58. Defendant admits that USAR controls a development stage REE project in Texas and has a processing facility in Colorado. Defendant denies all remaining allegations in Paragraph 58.

59. Defendant admits that he never disclosed to Ramaco's leadership that he was considering employment with USAR. Defendant denies all remaining allegations in Paragraph 59.

60. Defendant denies that he was "deceptive" about his post-resignation plans. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 60 and, therefore, denies all remaining allegations therein.

61. Defendant denies that he sent emails to his personal email account only during the "final months" of employment with Ramaco and states, by way of further answer, that he sent emails to his personal email account throughout his entire employment. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 61 and, therefore, denies all remaining allegations therein.

62.     Defendant admits that he received a USAR confidentiality agreement from a recruiter at his Ramaco email address and forwarded it to his personal email account on or about July 8, 2025. Defendant denies all remaining allegations in Paragraph 62.

63.     Defendant admits that he communicated with USAR on various occasions after July 8, 2025, using various means. Defendant denies all remaining allegations in Paragraph 63.

64.     Defendant denies that he had an "engagement" with USAR during his employment with Ramaco; denies there was ever a "conflict of interest;" and further denies all remaining allegations in Paragraph 64.

65.     Defendant is without information sufficient to admit or deny the details of Ramaco's investigative process, therefore denies the allegations in the first sentence of Paragraph 65. Defendant admits sending emails from his Ramaco email account to his personal email address and admits that he had access to those emails after resigning. However, Defendant denies that the information in the emails was in fact "highly sensitive" or "trade secret;" denies accessing the information after resigning; and further denies all remaining in Paragraph 65.

66.     Defendant admits sending the emails referenced in parts (a) through (d) of Paragraph 66. Defendant denies Plaintiffs' characterization of the same information as "highly sensitive, proprietary, and confidential trade secret information," and denies all remaining allegations in Paragraph 66.

67.     Defendant denies all allegations in Paragraph 67.

68.     Defendant denies all allegations in Paragraph 68.

69.     Defendant admits the allegations in Paragraph 69.

70.     Defendant denies all allegations in Paragraph 70.

71.     Defendant denies all allegations in Paragraph 71.

72.    Defendant is without information sufficient to admit or deny the allegations in Paragraph 72 and therefore Defendant denies all allegations in Paragraph 72.

73.    Defendant denies all allegations in Paragraph 73.

74.    Defendant denies all allegations in Paragraph 74.

75.    Defendant denies all allegations in Paragraph 75.

76.    Defendant admits that Paragraph 76 contains partially quoted excerpts from a USAR press release dated December 10, 2025, and denies all remaining allegations in Paragraph 76.

77.    Defendant denies all allegations in Paragraph 77.

78.    Defendant admits that USAR published a press release regarding government funding and private investments. Defendant denies all remaining allegations in Paragraph 78.

79.    Defendant denies all allegations in Paragraph 79.

80.    Defendant denies all allegations in Paragraph 80.

81.    Defendant denies all allegations in Paragraph 81.

82.    Defendant denies any trade secrets have been misappropriated and further denies all allegations in Paragraph 82.

## FIRST CAUSE OF ACTION

**Misappropriation of Trade Secrets – Defend Trade Secrets Act (DTSA) 18 U.S.C. § 1832, *et seq*.**

83.    Defendant incorporates by reference its preceding responses and denials as if set forth fully herein regarding Paragraph 83.

84.    Defendant admits that he had access to confidential information as a result of his employment with Ramaco. Defendant denies all allegations in Paragraph 84.

85.    Defendant denies all allegations in Paragraph 85.

10

86.     Defendant admits that Ramaco uses a Code of Conduct and NDAs containing confidentiality provisions. Defendant denies all allegations in Paragraph 86.

87.     Defendant denies all allegations in Paragraph 87.

88.     Defendant denies all allegations in Paragraph 88.

89.     Defendant denies misappropriating trade secrets and further denies all remaining allegations in Paragraph 89.

90.     Defendant denies all allegations in Paragraph 90.

91.     Defendant denies all allegations in Paragraph 91.

92.     Defendant denies all allegations in Paragraph 92.

## SECOND CAUSE OF ACTION

**Misappropriation of Trade Secrets – Wyoming Uniform Trade Secrets Act (WTSA) Wyo. Stat. § 40-24, et seq.**

93.     Defendant incorporates by reference its preceding responses and denials as if set forth fully herein regarding Paragraph 93.

94.     Defendant admits that he had access to confidential information as a result of his employment with Ramaco. Defendant denies all allegations in Paragraph 94.

95.     Defendant denies all allegations in Paragraph 95.

96.     Defendant admits that Ramaco uses a Code of Conduct and NDAs containing confidentiality provisions. Defendant denies all allegations in Paragraph 96.

97.     Defendant denies all allegations in Paragraph 97.

98.     Defendant denies all allegations in Paragraph 98.

99.     Defendant denies misappropriating trade secrets and further denies all remaining allegations in Paragraph 99.

100.    Defendant denies all allegations in Paragraph 100.

11

101.    Defendant denies all allegations in Paragraph 101.

102.    Defendant denies all allegations in Paragraph 102.

## THIRD CAUSE OF ACTION

### Breach of Contract (Non-Disclosure Agreement)

103.    Defendant incorporates by reference its preceding responses and denials as if set forth fully herein regarding Paragraph 103.

104.    Defendant denies all allegations in Paragraph 104.

105.    Defendant denies all allegations in Paragraph 105 and states, by way of further answer, that the terms of the NDA speak for themselves.

106.    Defendant denies all allegations in Paragraph 106.

107.    Defendant denies all allegations in Paragraph 107.

108.    Defendant denies all allegations in Paragraph 108.

109.    Defendant denies all allegations in Paragraph 109.

## FOURTH CAUSE OF ACTION

### Breach of Contract (Employment Offer Letter)

110.    Defendant incorporates by reference its preceding responses and denials as if set forth fully herein regarding Paragraph 110.

111.    Defendant denies all allegations in Paragraph 111.

112.    Defendant admits that Paragraph 112 contains a partial excerpted quote of words from the offer letter, "at any time." Defendant denies all remaining allegations in Paragraph 112 and states, by way of further answer, that the terms of the offer letter speak for themselves

113.    Defendant admits that Ramaco employed Defendant and paid his compensation and benefits as indicated in the Offer Letter. Defendant denies all remaining allegations in Paragraph 113.

12

114.   Defendant denies all allegations in Paragraph 114.

115.   Defendant denies all allegations in Paragraph 115.

116.   Defendant denies all allegations in Paragraph 116.

## FIFTH CAUSE OF ACTION

### Injunctive Relief

117.   Defendant incorporates by reference its preceding responses and denials as if set forth fully herein regarding Paragraph 117.

118.   Defendant denies all allegations in Paragraph 118.

119.   Defendant denies all allegations in Paragraph 119 and denies that Plaintiffs are entitled to the relief requested therein.

120.   Defendant denies all allegations in Paragraph 120.

121.   Defendant denies all allegations in Paragraph 121 and denies that Plaintiffs are entitled to the relief requested therein.

122.   Defendant denies all allegations in Paragraph 122 and denies that Plaintiffs are entitled to the relief requested.

## REQUEST FOR RELIEF

Defendant denies that it is liable to Plaintiffs and denies that Plaintiffs are entitled to the relief sought under the "Request for Relief.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff has requested a jury trial. By way of further answer, Defendant likewise demands a jury trial.

13

## DEFENDANT'S GENERAL DENIAL

With respect to each and every allegation, to the extent not specifically denied above, Defendant generally denies each and every allegation made by Plaintiffs and demands strict proof thereof.

## DEFENDANT'S SEPARATE AND AFFIRMATIVE DEFENSES

By alleging the separate and additional affirmative Defenses set forth below, Defendant intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever. Finally, Defendant specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may be discovered and/or further legal analysis of Plaintiffs' positions in this litigation. Defendant therefore asserts its separate and affirmative defenses, as follows:

a. Plaintiffs lack standing to assert claims for breach of contract as to purported contracts for which they are neither parties nor intended third-party beneficiaries.

b. Plaintiffs are not entitled to equitable relief—including an injunction—because their claims lack merit. And, regardless, they have an adequate remedy at law and the relief requested is not the proper subject of a judicial remedy.

c. Plaintiffs' claims are barred, as whole or in part, because Defendant's conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries or damages claimed by Plaintiffs, to the extent any exist.

d. Plaintiffs have failed to identify their alleged trade secrets with reasonable specificity.

e. Plaintiffs' alleged trade secrets are, in fact, not trade secrets because (1) the information, among other things, is readily obtainable from other sources, can be reverse engineered, and/or is generally known in the industry; (2) Plaintiffs failed to use reasonable measures and/or efforts to protect its alleged trade secrets; and/or (3) the information does not derive or have economic value from being secret.

14

f.   Plaintiffs' claims for misappropriation of trade secrets claims are barred, as a whole or in part, because even assuming such material can be considered a trade secret, Defendant acquired them by proper means (his employment) and relationships without breaching any legal duties

g.   Plaintiffs' claims for breach of contract are barred because Defendant has materially complied with all contractual terms.

h.   Plaintiffs' claim for breach of contract of the Offer Letter (Count 4) is barred because the Offer Letter is not an enforceable contract.

i.   Plaintiffs' claim for breach of contract of the Offer Letter (Count 4) is barred under the doctrine of merger and any purported rights related to confidentiality or non-disclosure were extinguished or superseded upon the execution of the MNDA.

j.   Plaintiffs' claims for breach of contract are barred under the doctrines of waiver and estoppel because Plaintiffs permitted Defendant to engage in what they now call "misappropriation" during his entire employment tenure.

k.   Plaintiffs have failed to mitigate their alleged damages. Plaintiffs have could have taken appropriate and reasonable steps to initiate mining and processing from the Brook Mine but have failed to do so for their own reasons.

l.   Plaintiffs' claims are barred, as a whole or in part, under the doctrine of unclean hands. Plaintiffs may not be awarded equitable relief based on their own engaging in unethical, fraudulent, or bad-faith conduct directly that is direct related to their claims in this case. Further, the action constituting Moyes' alleged wrongdoing, use of personal email, was prompted by Ramaco's failure to timely respond to requests

m.   Plaintiffs' claims are barred, as a whole or in part, based on justification. Moyes was justified in retaining documents obtained during his employment as may be necessary for responding to allegations of wrongdoing by Ramaco during Moyes' employment.

n.   Plaintiffs' claim for trade secret misappropriation pursuant to the Wyoming Uniform Trade Secrets Act is made in bad faith. Ramaco had improper ulterior motives for pursuing this action and knew that its claims lacked legal merits and knew that the alleged trade secrets were of no value to Ramaco or others. Therefore, Moyes may recover his attorneys' fees related to Plaintiffs' bad faith claim. W.S. § 40-24-104.

o.   Plaintiffs' claim for trade secret misappropriation pursuant to 18 U.S.C. § 1836 is made in bad faith. Ramaco had ulterior and improper motives for pursuing this action and knew that its claims lacked legal merits and knew that the alleged trade secrets were of no value to Ramaco or others. Therefore, Moyes may recover his attorneys' fees related to Plaintiffs' bad faith claim.

15

Dated: April 20, 2026

Respectfully submitted,


/s/ *Jason Elliott*

Brent R. Owen, #7-6009
HAYNES AND BOONE, LLP
675 15th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 382-6200
Facsimile:  (303) 382-6210
Email:  brent.owen@haynesboone.com

Jason Elliott (admitted *Pro Hac Vice*)
Texas Bar No. 24050558
HAYNES AND BOONE, LLP
2801 N. Harwood St., Suite 2300
Dallas, Texas 75287
Telephone: (214) 651-5000
jason.elliott@haynesboone.com

*Attorney for Defendant Alex Moyes*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing on April 20, 2026, to all counsel of record.

Steven T. Waterman
Brett L. Foster
Mark A. Miller
DORSEY & WHITNEY LLP
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111

Caitlin L.D. Hull
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402

*Attorneys for Plaintiffs*

*s/ Jason Elliott*
Jason Elliott

4906-9071-4781 v.2

17