**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**3:24 pm, 6/26/26**

**Margaret Botkins**
**Clerk of Court**

RAMACO CARBON LLC and
RAMACO RESOURCES INC.,

Plaintiffs,

vs.

Case No.   26-CV-104-KHR

ALEX J. MOYES,

Defendant.

## ORDER GRANTING THE PARTIES' STIPULATION FOR APPOINTMENT OF NEUTRAL FORENSIC EXAMINER

**THIS MATTER** is before the Court on the above-captioned parties' *Stipulation for Appointment of Neutral Examiner for Forensic Examination of Images of Defendant's Personal Devices and Accounts* [ECF No. 53] ("*Stipulation*").

Defendant has consented to the entry of this Order, subject to all terms and conditions below, as a compromise of Plaintiffs' request for discovery and/or desire for a court-appointed special master regarding certain forensic images of Defendant's devices and online accounts containing electronically stored information. In consenting to the terms of the Order below, Defendant does not concede that Plaintiffs would otherwise have established entitlement to a special master or entitlement, to the forms of discovery contemplated in the *Stipulation*, or any other form of discovery not covered by the *Stipulation*. Defendant seeks to avoid the burden of time and expense inherent in discovery disputes and motion practice by submitting to a limited scope of forensic review with

1

appropriate procedural safeguards to prevent unwarranted invasion of Defendant's personal privacy interests and/or similar interests of third parties whose rights may otherwise be affected, including but not limited Defendant's present employer.

Based on the Parties' consent, the Court **GRANTS** the *Stipulation* as follows.

**IT IS HEREBY ORDERED THAT:**

1.      Within ten (10) days of entry of this Order, Plaintiffs will propose three (3) forensic examiners from which Defendant may select as a qualified, neutral and independent forensic examiner (the "Examiner"). Defendant shall then notify Plaintiffs of his selection within five (5) business days after the panel of candidates is presented, one of the proposed forensic examiners. Each prospective Examiner proposed by Plaintiffs will meet the following criteria:

   a)     With respect to potentially conflicting relationships, the following will be deemed to disqualify a potential Examiner:

   i.     A potential Examiner having had prior engagements or having an active engagement with any Party;

   ii.    A potential Examiner having an active engagement with a Party's law firm of record; or

   iii.   A potential Examiner having had, at any time since December 1, 2025, a prior engagement working with or for any Party's individual attorneys of record who have appeared in this action.

   b)     The Examiner must be free of any connection to the facts, Parties or the issues in dispute and he/she must be free of any conflicts of interest or circumstances that would provide the appearance of a conflict of interest.

   c)     The Examiner must possess demonstrated expertise, including at least five years' experience leading digital forensic analysis.

d) The Examiner must agree to comply with all terms in this Order as well as provide executed agreement to comply with the Protective Order entered in this action.

e) The Examiner must be a duly licensed professional, to the extent required in the relevant jurisdiction(s).

2. The Examiner will be engaged to conduct a limited scope forensic investigation of certain digital images provided by Defendant. The Examiner does not work for either Party and shall owe duties of neutrality, confidentiality, and impartiality to all Parties.

3. Defendant has agreed to provide the Examiner with access to forensic images (bit-for-bit copies) of the following sources of data collected by the firm BRG on March 25, 2026 (the "Data Sources"):

| Data Source/ Description | Serial Number | Image MD5, BRG Image | Imaging Date |
|---|---|---|---|
| Moyes' personal Gmail account<br><br>moyesalexj@gmail.com | N/A | MIME: F4CA08C8B52BF48BE495C63CC318A3D0<br>Drive: C74B547C544A968C8C2D98611765776E | 3/25/2026 |
| Moyes iPhone 17 Pro backup collected via iCloud. | J7YK64266T | 19e28b595edf5c2c12d4b7748beb32a2 | 3/25/2026 |
| Moyes Personal (Home) Desktop (2 Drives)<br><br>(1) Physical Drive0 Model: WDC WD10EZEX-60WN4A2 SN: WD-WCC6Y5NFFVEF<br><br>(2) Physical Drive1 Model: NVMe SAMSUNG | 20WW2BKT60 | Physical Drive0: 217d60e5500c1517ba410f753d3a053d<br><br>Physical Drive1: 1e7b2759b7eae12e1ea10c52effbe5f9 | 3/25/2026 |

| MZVLQ512HALU-000H1 SN: S4UHNF3R365589 | | | |
|---|---|---|---|
| | | | |

4.      The Examiner shall be given full access to and/or copies of the device and account images of the Data Sources created by Defendant's forensic experts at BRG (the "Images"). No original devices or live systems shall be accessed by the Examiner. All analysis by the Examiner shall be performed on the Images only. No later than fourteen (14) days from entry of this Order, Defendant shall disclose to Plaintiffs all electronic devices owned by Defendant (e.g., laptops, hard drives, computers, phones, etc.) that were not imaged by BRG in connection with this case.

5.      The Examiner and the Parties shall be provided details regarding BRG's collection methodology used to create the Images, including, to the extent available:

    a)      a list of all devices and accounts that were imaged or exported, including models, serial numbers and operating systems, as applicable;

    b)      what forensic tools, collection methodologies, and preservation procedures were utilized;

    c)      acquisitions Logs and Chain of Custody detail from BRG; and

    d)      other information, as the Examiner may request in writing that is reasonably necessary for the performance of the functions contemplated.

6.      The Parties agree to cooperate in good faith with the Examiner to promptly address and resolve any technical issues that may delay or impair the ability of the Examiner to execute the assigned scope of services.

7.      The Examiner shall perform the following work and nothing else:

4

a)    Determine whether the imaging performed by BRG was sufficiently complete to adequately preserve all necessary data for conducting the investigation authorized herein. In the event the Examiner determines that the imaging process should be redone, the Examiner will provide the Parties with a report specifying the functions that the Examiner is unable to perform, the reasons why the Data Sources were insufficient for performing those functions, and any steps that the Examiner believes are necessary for completion of the scope of work described in the *Stipulation*.

b)    Determine whether there is digital evidence that Plaintiffs' alleged confidential information or trade secret information (the "Subject Information," as specifically identified by Plaintiffs in **Schedule A**, attached to this Order) exists on the Data Sources and, if so, catalog the digital evidence of such Subject Information. The inclusion or identification of information by Plaintiffs as part of the "Subject Information" does not establish, as a factual matter, that it is proprietary, confidential, or a trade secret.

c)    Determine whether there is digital evidence that the Subject Information has been accessed, copied, distributed, modified, renamed, or transmitted from the Data Sources, and, if so, catalog the digital evidence of such accessing, copying, distribution, modification, renaming, or transmission.

d)    Determine whether there is digital evidence of the date and source origin of the Subject Information on the Data Sources, e.g., if Subject Information is stored on an email account, whether it was emailed to Defendant by himself or other third parties and, if others, who sent it and when.

e)    Determine whether there is digital evidence that data destruction tools, file-wiping software, factory resets, secure-deletion utilities, or other anti-forensic techniques have been used on the Data Sources in relation to the Subject Information, and, if so, catalog such evidence, including the dates and times of any such activity and the files or data affected.

8.    In order to conduct the investigation authorized under Section 7 above, the following guidelines and limitations apply:

- The Examiner may utilize industry standard forensic tools to perform searches using targeted search terms, file hashes, or other precise indicators reasonably calculated to locate only the Plaintiffs' alleged confidential information.

- The Examiner may review collection logs, acquisition details, and preservation procedures to determine the adequacy of the imaging process and/or the need for further imaging.

- The Examiner may perform artifact-based forensic analysis and timeline reconstruction by evaluating any forensic artifacts deemed relevant by the Examiner, including user activity logs, file interactions, synchronization activity, external media usage, and cloud activity, and other relevant forensic artifacts and timeline reconstruction techniques to investigate whether the Subject Information has been accessed, copied, distributed, modified, renamed, or transmitted from the Data Sources consistent with Section 7.

- The Examiner shall not conduct a general review of the content of all files stored on the Images except to the limited extent necessary to ascertain whether any given file represents the Subject Information and related inquiries authorized in this Stipulation.

The Examiner is not authorized to review or analyze other content. The Examiner is not authorized to copy or distribute any data from the Images without the written consent

6

of Defendant. The Examiner may not review any devices or accounts other than the Images, unless otherwise agreed in writing by the Parties. No other devices or accounts shall be imaged or reviewed without further order of the Court.  Nothing herein shall create a presumption or right to additional forensic investigation.

9.      The Examiner shall not engage in *ex parte* communications with either Party, nor reveal findings or conclusions that are not simultaneously presented to all parties. Examiner's questions to the Parties regarding the services, if any, should be submitted in writing to all Parties at the same time. Plaintiffs shall have no direct access to the Images or any of the data stored on the Images, except as expressly agreed in writing by Defendant. Plaintiffs' representatives and counsel may not be present during the Examiner's review unless Defendant and his counsel are also present, or unless Defendant has approved in writing.

10.      The Examiner shall only report whether any evidence of Subject Information stored on the Data Sources was found and, if so, provide a limited report including the following details:

a)      The matters specified in Section 7, above;

b)      The specific file names, paths, and dates where Subject Information was located;

c)      A description of the evidence, if any, of access, distribution, emailing, uploading, copying, modification, printing, transmission, deletion, secure wiping, or destruction of Subject Information, including findings regarding user activity, file interactions, synchronization activity, external media usage, cloud activity, and other relevant forensic artifacts; and

d) A description of the methodology, forensic tools, and procedures the Examiner employed in conducting the examination.

11. All data reviewed by the Examiner, including the Images, any data stored on the Images, and any reports generated shall be treated as "Highly Confidential – Attorneys' Eyes Only" under the Agreed Protective Order. The Examiner shall retain all data and images after the conclusion of the initial review during the discovery period of the case for further review as agreed to by the Parties or as ordered by the Court. Following the close of discovery, the Examiner shall certify the destruction of all copies of the Images and work product upon completion of the engagement (except one archival copy maintained under seal for potential Court review).

12. In carrying out the functions above, the Examiner shall exercise reasonable care not to cause intrusion into Defendant's personal and private information. The Examiner shall make every effort to avoid revealing personal data that is not relevant to the scope of services, financial information, health information, family communications, photos, videos, or other matters of a private nature that are unrelated to the Subject Information and shall not review materials that appear to be attorney-client communications. To the extent any apparent attorney-client communications also appear to contain or be relevant to Subject Information, the Examiner shall notify the Court before making any disclosure of any such communication.

13. The Examiner's review, including all reports, shall be concluded within 45 days of receipt of the copies of the Images, unless extended by Order of the Court or the Parties' express written agreement.

14.      The Examiner shall provide a written report to both Parties simultaneously. The report shall be used solely for purposes of the litigation only, shall be deemed "Confidential" under the Agreed Protective Order, and subject to all confidentiality restrictions and safeguards for confidential information under the Agreed Protective Order.

15.      The Examiner's compensation for the limited scope of services in this Order shall be paid by Plaintiffs, unless otherwise agreed or ordered by the Court. The Examiner shall have no recourse for seeking payment from Defendant. The Examiner shall submit invoices to Plaintiffs and in the event of any dispute regarding fees, may apply to the Court for resolution. The costs of examination may be taxable as costs if Plaintiffs are the prevailing party pursuant to 28 U.S.C. § 1920.

16.      The Examiner is not a court-appointed factfinder nor a special master of any kind.  Accordingly, any conclusions or results from the Examiner's investigation shall not be considered facts under Rule 53 of the Federal Rule of Civil Procedure or any analogous standard.  Further, nothing in this Order prohibits each Party from utilizing, disclosing, or relying on their own respective forensic expert. Although Defendant has agreed to the *Stipulation* for the sole and express purpose of avoiding further litigation of Plaintiffs' demand for direct access to the Images, nothing in this Order prohibits Plaintiffs from seeking direct access to the Images by their own forensic expert, via motion if necessary. Nothing in this Order prohibits either Party from requesting, whether via a separate agreement of the Parties, properly propounded discovery requests or a motion to the Court, that the Examiner conduct additional forensic analysis on the Subject Information in Schedule A after receiving the Examiner's written report, or that the Examiner conduct

forensic analysis on the Data Sources relating to documents or information outside of Schedule A if discovery reveals additional information that Plaintiffs consider to be their trade secrets and were not included in Schedule A initially. Further, nothing in the *Stipulation* represents any agreement by Defendant to grant any such direct access, nor shall the *Stipulation* be construed as waiver of Defendant's present objection to granting such direct access, nor shall the *Stipulation* be construed as establishing a lower threshold or less demanding legal standard for the Court to grant such direct access.

17.     If at any point during the examination, the Examiner identifies evidence suggesting that Subject Information may exist on devices, accounts, or data sources not included in the Data Sources, the Examiner shall notify both Parties.

18.     Either Party may subsequently qualify and obtain the testimony of the Examiner as an expert under Rule 702. Provided, however, that the presentation of any such expert witness testimony shall be offered as a neutral, and neither Party may retain the Examiner as its own testifying expert.

19.     Any violations of this Order by the Parties, including unauthorized access to or disclosure of Defendant's data or withholding of information required to be disclosed by this Order, shall be subject to sanctions, including contempt.

Dated this 26th day of June, 2026.

_____
Scott P. Klosterman
United States Magistrate Judge

10